

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-20-00015-CV

---

IN THE INTEREST OF J.Y., A CHILD

---

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 20-C-0115-CCL

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Erica Yeager has attempted to perfect an appeal from an order entered by the County Court at Law of Bowie County. Because the order is not appealable, we dismiss Yeager's attempted appeal for want of jurisdiction.

Yeager has attempted to appeal the trial court's February 25, 2020, order asserting jurisdiction over the case and finding that Bowie County is the appropriate venue for the case. The notice of appeal first indicates that this is an accelerated appeal pursuant to Section 152.314 of the Texas Family Code. However, Section 152.314 states that "[a]n appeal may be taken from a *final order* in a proceeding under [Chapter 152, subchapter D, of the Texas Family Code]." TEX. FAM. CODE ANN. § 152.314 (Supp.) (emphasis added). The trial court's February 25, 2020, order does not appear to be a final order.

The notice of appeal next asserts that the appeal is taken pursuant to Section 51.014 of the Texas Civil Practice and Remedies Code, which identifies a number of orders from which an interlocutory appeal may be taken. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Supp.). However, the notice does not identify the specific subsection of Section 51.014 that authorizes an interlocutory appeal from the trial court's February 25, 2020, order, and we find none that apply here.

Our jurisdiction as an appellate court is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (Supp.). Unless we are given specific authority over an appeal from a particular type of order, we have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). It appears

that the order from which Yeager attempts to appeal was not a final, appealable order. *See id.* Consequently, it appears that we are without jurisdiction to hear this appeal.

By letter dated March 4, 2020, we informed Yeager of this potential defect in our jurisdiction and afforded her the opportunity to demonstrate proper grounds for our retention of the appeal. While Yeager filed a response, she failed to identify any authority to contradict the conclusion that we are without jurisdiction over this appeal.

We dismiss this appeal for want of jurisdiction.


Scott E. Stevens
Justice


Date Submitted:      March 10, 2020
Date Decided:        March 11, 2020